Citation Nr: 1714109 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 08-35 848 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for left eye vitreous syneresis.

2. Entitlement to service connection for left eye cataracts.

3. Entitlement to service connection for ocular hypertension.

4. Entitlement to service connection for left eye refractive error.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from April 1961 to March 1969.

These matters are before the Board of Veterans' Appeals (Board) on remand from the United States Court of Appeals for Veterans Claims (Court). The case was originally before the Board on appeal from a November 2007 rating decision of the Detroit, Michigan Department of Veterans Affairs (VA) Regional Office (RO) that denied service connection for left eye disability (claimed as left eye defective visual acuity opacity). Following remands in June 2010 and April 2012, in July 2014 the Board recharacterized the left eye issue (as those listed on the title page) and issued a decision [by a Veterans Law Judge (VLJ) other than the undersigned] that (in pertinent part) denied service connection for left eye vitreous syneresis, for left eye cataracts, for ocular hypertension, and for left eye refractive error. The Veteran appealed those portions of the decision to the Court. In October 2015, the Court issued an Order that vacated the July 2014 Board decision with regard to those issues, and remanded the matters on appeal for readjudication consistent with the instructions outlined in a September 2015 Joint Motion for Partial Remand (Joint Motion) by the parties. In June 2016, the case was remanded [by the undersigned VLJ] for additional development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.


REMAND

Although the Board sincerely regrets the additional delay, a remand is necessary to ensure that there is a complete and accurate record upon which to decide the Veteran's claims so that every possible consideration is afforded.

At a December 2016 VA eye examination, the Veteran reported that he had had cataracts removed within the past two years (in both eyes) as well as a YAG capsulotomy three weeks prior (in the left eye) by private Dr. Crew. The most recent treatment reports of record from Dr. Crew are dated in February 2015. On remand, all updated pertinent treatment records from Dr. Crew must be obtained.

In addition, in a February 2017 brief, the Veteran's representative raised a new theory of entitlement in asserting that the Veteran's currently claimed disabilities of left eye vitreous syneresis, left eye cataracts, ocular hypertension, and left eye refractive error are secondary to his service-connected left eye lens opacification. On remand, a medical opinion addressing the theory of secondary service connection (with adequate rationale) is necessary.

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should ask the Veteran to identify the provider(s) of any additional (records of which are not already associated with the record) evaluations or treatment he has received for his claimed disabilities during the period of the current appeals, and to provide all releases necessary for VA to obtain any private records of such evaluations or treatment. The AOJ should obtain for the record complete records of all such evaluations and treatment from all providers identified, to specifically include all pertinent treatment records from Dr. Crew dating since February 2015. If any records requested are unavailable, the reason must be explained for the record. [If the Veteran does not provide the requested releases so that VA may obtain the records, the AOJ must request that the Veteran obtain such records himself and provide them to VA.]

The AOJ should also specifically obtain for the record the complete clinical records of all updated (to the present) VA evaluations and treatment the Veteran has received for these disabilities.

2. The AOJ should return the record to the VA examiner who conducted the December 2016 VA eye examination for an addendum medical opinion. The examiner must review the entire record. Based on the factual evidence of record, the examiner must provide an opinion that responds to the following: Is it at least as likely as not (defined as a 50% or better probability) that any of the Veteran's currently claimed disabilities (left eye vitreous syneresis, left eye cataracts, ocular hypertension, and left eye refractive error) were caused or aggravated (THE OPINION MUST ADDRESS AGGRAVATION) by his service-connected left eye lens opacification? (Aggravation means the disability increased in severity beyond its natural progression.)

The examiner must explain the rationale and reasoning for ALL opinions and conclusions provided, citing to relevant evidence, supporting factual data, medical literature, and prior medical opinions, as appropriate.
(By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the claim and may also result in a clarification being requested.)

If the requested VA examiner is unavailable (or unable for any reason) to provide the requested opinion, then arrangements should be made for the entire record to be reviewed by another appropriate medical provider who can provide the opinion sought. If further examination of the Veteran is deemed necessary to provide any requested opinion, then such examination should be scheduled.

3. The AOJ should then review the record, ensure that all development is completed (AND arrange for any further development suggested by additional evidence received), and readjudicate the claims on appeal for service connection for left eye vitreous syneresis, for left eye cataracts, for ocular hypertension, and for left eye refractive error, to include on a secondary basis. If any claim remains denied, the AOJ should issue an appropriate Supplemental Statement of the Case, afford the Veteran and his representative the opportunity to respond, and return the case to the Board.


 (CONTINUED ON NEXT PAGE)














The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).